IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REBECCA M. EZENWANNE                                                            PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:20cv85 DPJ-FKB

MANHATTAN NURSING AND REHABILITATION
CENTER, LLC                                                    DEFENDANT

## COMPLAINT

## JURY TRIAL DEMANDED

**COMES NOW**, Plaintiff, Rebecca M. Ezenwanne, and files this Complaint against the Defendant, Manhattan Nursing and Rehabilitation Center, LLC, alleging the following:

## PARTIES

1. The Plaintiff, Rebecca M. Ezenwanne, is an adult female resident citizen of Hinds County, Mississippi.

2. The Defendant, Manhattan Nursing and Rehabilitation Center, LLC, is a limited liability company organized and existing pursuant to the laws of the State of Mississippi. The Defendant can be served with process by service upon its registered agent, UNITED CORPORATE SERVICES INC., whose address is 248 E. Capitol Street, Suite 840, Jackson, MS 39201

## JURISDICTION AND VENUE

3. This court has concurrent civil rights jurisdiction under 28 U.S.C. § 1343 for a cause of action arising under Title VII of the Civil Rights Act of 1964.

4. This Court has concurrent federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC') on or about November 13, 2019. (See Charge of Discrimination, attached hereto as Ex. "A"). The EEOC issued a Notice of Right to Sue on November 14, 2019. (See Right to Sue Letter, attached hereto as Ex. "B"). Plaintiff thereafter filed another charge of discrimination on December 11, 2019, alleging retaliation. (See Charge of Discrimination, attached hereto as Ex. "C"). The EEOC issued a Notice of Right to Sue on that same date. (See Right to Sue Letter, attached hereto as Ex. "D"). Plaintiff timely files this cause of action within ninety (90) days of receipt of her Notices of Right to Sue.

## STATEMENT OF FACTS

7. Plaintiff, Rebecca M. Ezenwanne, was hired in May 2007 as a Payroll Clerk at $12.75 an hour and was later promoted to Assistant Business Office Manager at $18.00/hour in 2013. Around March 2015, she left this position and was re-hired in August 2016 to her previous position as a Payroll Clerk, a job for which she was clearly qualified. Since her re-hire, Plaintiff has been subjected to adverse terms and conditions of employment relative to her younger, white co-worker Jennifer Landers, who was treated more favorably.

8. As noted above, in August 2016, Administrator Bobbie Blackard (White) re-hired Plaintiff as the Payroll Clerk. On October 1, 2019, Administrator Blackard gave Plaintiff

-2-

an ultimatum to quit nursing school or lose her job, which created a hostile working environment. Administrator Blackard had previously allowed Ms. Landers to attend nursing school and had worked around her school schedule. However, she refused Plaintiff the same treatment. The work environment continued to worsen until on October 29, 2019, Plaintiff's doctor told her that due to the stress of the working environment and her resultant inability to focus and concentrate, she was unfit to perform any job duties without appropriate accommodation. Plaintiff was later referred for counseling due to emotional distress.

9. After returning to work, Plaintiff was retaliated against when the Nursing Home Administrator, Ms. Blackard, eliminated her payroll position and otherwise subjected her to a hostile work environment.

10. Plaintiff has been discriminated against because of her race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, her age (41) in violation of the Age Discrimination in Employment Act of 1967, as amended, and because of her disability in violation of the Americans with Disabilities Act of 1990, as amended. Further, Plaintiff has been retaliated against for her opposition to and complaints about the discrimination she has been subjected to in violation of Title VII of the Civil Rights Act of 1964, as amended.

11. Plaintiff has suffered damages from the discriminatory acts and retaliation to which she has been subjected. She therefore seeks all compensatory damages available to her by law, including but not limited to damages for her emotional distress, mental anguish, lost wages and benefits, attorneys' fees and the like.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

a. That Plaintiff be awarded her economic damages, including back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

b. Compensatory damages against Defendant in an amount to be determined by the jury;

c. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under actions brought pursuant to Mississippi and federal law; and

d. Such further relief as is deemed just and proper.

THIS the 13th day of February, 2020.

Respectfully submitted,

REBECCA M. EZENWANNE, PLAINTIFF

By:   s/ Philip C. Hearn
Philip C. Hearn, Esq.

Philip C. Hearn, Esq. (MSB# 9366)
HEARN LAW FIRM, P.A.
P. O. Box 5009
Jackson, MS  39296-5009
Telephone: 601.720.3541
Facsimile: 601.969.2161
Email: philiphearn@yahoo.com

-4-