UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REBECCA M. EZENWANNE                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:20-CV-85-DPJ-FKB

MANHATTAN NURSING &                                                                    DEFENDANT
REHABILITATION CENTER, LLC

ORDER

Plaintiff Rebecca M. Ezenwanne says her employer, Defendant Manhattan Nursing & Rehabilitation Center, LLC ("Manhattan Nursing"), discriminated against her based on her age, race, and alleged disability. Specifically, she accuses Manhattan Nursing of creating a hostile work environment and unlawfully firing her. Manhattan Nursing has moved to dismiss all but the race- and age-discrimination claims. For the following reasons, its motion [3] is granted in part and denied in part.

I.      Background

Ezenwanne is a forty-one-year-old black woman. Compl. [1] ¶ 10. She began working for Manhattan Nursing in May 2007 as a Payroll Clerk. *Id.* ¶ 7. After leaving the position in March 2015, she returned in August 2016 in the same role. *Id.* During her second stint at Manhattan Nursing, Ezenwanne "was accepted into [a] nursing [school] program." Charge of Discrimination [1-1] at 2; *see also* Compl. [1] ¶ 8. She appears to have enrolled. *See* Compl. [1] ¶ 8.

On October 1, 2019, Bobbie Blackard, Manhattan Nursing's "Administrator," "gave [Ezenwanne] an ultimatum to quit nursing school or lose her job." *Id.* Meanwhile, Ezenwanne alleges, Blackard allowed a younger white employee, Jennifer Landers, "to attend nursing school and . . . worked around her school schedule." *Id.* In contrast, Blackard "wouldn't work around

[Ezenwanne's school] schedule because she said it's not working for her." Charge of Discrimination [1-1] at 2.

Ezenwanne says the ultimatum "created a hostile working environment." Compl. [1] ¶ 8. Then, on October 29, 2019, Ezenwanne's "doctor told her that due to the stress of the working environment and her resultant inability to focus and concentrate, she was unfit to perform any job duties without appropriate accommodation." *Id.* As a result, Ezenwanne was "referred for counseling due to emotional distress," *id.*, and apparently took medical leave, *id.* ¶ 9; Pl.'s Resp. [10] at 5. She filed a charge of discrimination with the Equal Employment Opportunity Commission on November 13, 2019, claiming she was discriminated against because of her race, age, and disability. Charge of Discrimination [1-1] at 1.

Ezenwanne returned to work on December 2. Charge of Discrimination [1-3] at 1. That same day, Blackard "informed [Ezenwanne] that she eliminated [Ezenwanne's] payroll position." *Id.*; *see also* Compl. [1] ¶ 9. Ezenwanne responded with another charge of discrimination nine days later claiming she was "discriminated against in retaliation in violation of Title VII[.]" Charge of Discrimination [1-3] at 1.

Ezenwanne filed this action in February 2020, raising claims of race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964, age discrimination under the Age Discrimination in Employment Act, and disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Compl. [1] ¶¶ 8, 10. Manhattan Nursing has moved to dismiss the hostile-work-environment, disability-discrimination, and

retaliation claims.  Mot. [3] at 1.  Ezenwanne responded, and Manhattan Nursing declined to reply.[1]

II.     Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard "'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)).  When considering a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.  *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 199 (5th Cir. 2016).  In a Rule 12(b)(6) analysis, courts may rely on the complaint, its proper attachments, "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

---

[1] The Court notes that Manhattan Nursing filed a motion but no supporting memorandum, electing to instead incorporate its legal arguments into the motion.  That violated Uniform Local Rule 7(b)(2), which states that "[c]ounsel must file a memorandum brief as a separate docket item from the motion."  Defense counsel is advised to review and follow the applicable local rules.

III.     Analysis

    A.     Hostile Work Environment

Ezenwanne pleaded that "Blackard gave Plaintiff an ultimatum to quit nursing school or lose her job, *which created a hostile working environment*." Compl. [1] ¶ 8 (emphasis added). Beyond that, Ezenwanne merely says "[t]he work environment continued to worsen" after the ultimatum, *id.*, and that she was "otherwise subjected . . . to a hostile work environment," *id.* ¶ 9. But such conclusory assertions receive no presumption of truth under Rule 12(b)(6) and must be ignored. *Iqbal*, 556 U.S. at 678. The question, therefore, is whether the alleged ultimatum states a plausible harassment claim.[2]

Ezenwanne argues that she has "repeatedly stated that the[ harassing] actions taken against her were because of her race, age and disability." Pl.'s Resp. [10] at 4. Assuming her Complaint links those specific characteristics to her harassment claim—which is not entirely clear—the three claims share similar elements. Relevant here, all three require conduct that was sufficiently severe or pervasive to affect a term, condition, or privilege of employment. *See Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (stating elements of race-based hostile-work-environment claim); *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001) (extending severe-or-pervasive standard to disability-based claims); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 440 (5th Cir. 2011) ("For conduct to be actionable [as age-based

---

[2] Ezenwanne said a little more in her first charge of discrimination, claiming that "Ms. Blackard has put all this work on me which is no part of my payroll job duties anyway, but she wanted to make me feel bad as if I couldn't get my work done, which has caused nothing but stress and has a negative and bad effect on my quality of life." Charge of Discrimination [1-1] at 2. But in her Complaint, she does not allege that the increased workload constituted harassment, nor does she allege that employees outside her protected classes were treated better in this regard. Accordingly, the Court does not read Ezenwanne's pleadings to claim that an increased workload is part of her hostile-work-environment claim.

harassment], it needs to be sufficiently severe or pervasive[.]" (citation omitted)).  Manhattan Nursing says, among other things, that Ezenwanne failed to establish this element.  Mot. [3] at 4.

To alter a term, condition, or privilege of employment, "[t]he alleged conduct 'must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so.'"  *Paul v. Northrop Grumman Ship Sys.*, 309 F. App'x 825, 828 (5th Cir. 2009) (quoting *Harvill v. Westward Commc'ns LLC*, 433 F.3d 428, 434 (5th Cir. 2005)).  Whether those statements exist is based on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  Accordingly, "'simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"  *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal citation omitted) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

Here, Ezenwanne offers a single incident as forming the basis of her hostile work environment—that "Blackard gave [her] an ultimatum to quit nursing school or lose her job."  Compl. [1] ¶ 8.  While she does plead facts regarding her subjective reaction to this incident, she pleads no facts suggesting that the alleged discrimination was pervasive.  And when an isolated incident forms the basis of a hostile-work-environment claim, the conduct must be "extremely serious" to be actionable.  *Faragher*, 524 U.S. at 788; *see also Paul*, 309 F. App'x at 828 (discussing the severity/pervasiveness dichotomy).

Without more, it is hard to see a plausible claim that this single incident was sufficiently serious to overcome the lack of pervasiveness. Blackard, who allegedly held discriminatory animus, hired Ezenwanne in August 2016. Compl. [1] ¶ 8. From August 2016 until October 1, 2019, a period spanning more than three years, Ezenwanne apparently suffered no disparate treatment. Even after the alleged ultimatum, Ezenwanne does not claim that she was fired for failing to quit nursing school. Nor does she allege that she quit nursing school in fear of losing her job. Indeed, allegations that generally evince harassment—frequent discriminatory conduct, physical threats or humiliation, and unreasonable interference with work performance, are absent. *Harris*, 510 U.S. at 21.

Notably, Ezenwanne provided no legal arguments addressing this issue in her response. So, without additional factual allegations in the Complaint, or argument from Ezenwanne, the Court agrees that she has yet to plead a plausible claim that this single incident was sufficiently severe or pervasive to constitute a hostile work environment based on race, age, or disability.

Finally, as to the disability portion of this claim, Ezenwanne's pleaded timeline provides an additional basis for dismissal. Her alleged disability did not arise until October 29, 2019. Compl. [1] ¶ 8. But the ultimatum, "which created [the] hostile working environment," occurred on October 1. *Id.* So, the hostile work environment appears to have been a *cause* of Ezenwanne's disability, not a basis for such an environment. *See id.* ("[D]ue to the stress of the working environment[,] . . . she was unfit to perform any job duties"). The hostile-work-environment claims are dismissed without prejudice.[3]

---

[3] Manhattan Nursing seeks dismissal with prejudice for these pleading errors. *See* Def.'s Mot. [3] at 1. But "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted). "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is

B.     Disability Discrimination

Manhattan Nursing argues that Ezenwanne's disability-discrimination claim fails because she did not allege facts sufficient to satisfy the ADA's definition of "disability." Mot. [3] at 5.

To prevail on a disability discrimination claim under the ADA, a plaintiff must establish that "(1) [s]he is disabled within the meaning of the ADA, (2) [s]he is qualified and able to perform the essential functions of his job, and (3) h[er] employer fired h[er] because of h[er] disability." *Kemp v. Holder*, 610 F.3d 231, 235 (5th Cir. 2010) (citing *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999)). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Only the first definition is applicable here.

"To establish a claim under subsection A of the definition of disability, a plaintiff must allege that [s]he (1) has a mental or physical impairment that (2) substantially limits (3) a major life activity." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). A "mental impairment" is "[a]ny mental or psychological disorder, such as an intellectual disability[,] . . . organic brain syndrome, emotional or mental illness, and specific learning disabilities." 29 C.F.R. § 1630.2(h)(2). The phrase "substantially limits" compares "the ability of an individual to perform a major life activity . . . to most people in the general population." *Id.* § 1630.2(j)(1)(ii). In other words, "'[t]o be substantially limited means to be unable to perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to

---

simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Id.* In this case, it is not apparent that Ezenwanne has pleaded her best case, so dismissal is without prejudice to her right to file a motion for leave to amend that attaches the proposed amended pleading under Uniform Local Civil Rule 15. Any such motion must be filed within 15 days of this Order.

perform it.'" *Hale*, 642 F.3d at 500 (quoting *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009)).

"'Substantially limits' is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(ii). Nor "should [it] demand extensive analysis." *Id.* § 1630.2(j)(1)(iii). Indeed, the ADA Amendments Act of 2008 ("ADAAA"), which became effective in 2009, was intended to expand the scope of the ADA's protection. *Id.* § 1630.1(c)(4) ("The primary purpose of the ADAAA is to make it easier for people with disabilities to obtain protection under the ADA."). Finally, major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

Manhattan Nursing primarily contends that Ezenwanne failed to "state either that she was substantially limited or that she was unable to work in a broad class of jobs." Mot. [3] at 5 (citing *Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 297–98 (5th Cir. 2012)). As an initial matter, these arguments stretch the Rule 12(b)(6) standard. Had Ezenwanne stated that she was "substantially limited" or that she could not work "a broad class of jobs," it would not have mattered because the Court must ignore such conclusions. *Iqbal*, 556 U.S. at 678. The question is whether she pleaded enough facts to state a plausible claim. *Id.* More particularly, the Rule 12(b)(6) "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d at 587 (quoting *Twombly*, 550 U.S. at 556).

Ezenwanne meets that test. She alleges that "her doctor told her that due to the stress of the working environment and her resultant inability to focus and concentrate, she was unfit to perform any job duties without appropriate accommodation." Compl. [1] ¶ 8. That statement

must be viewed in the light most favorable to Ezenwanne. *Ambac Assur. Corp.*, 815 F.3d at 199. And in that light, a complete inability "to perform *any* job duties," Compl. [1] ¶ 8 (emphasis added), is enough to infer a plausible claim, even assuming she must ultimately prove that she was "unable to work in a broad class of jobs," Def.'s Mot. [3] at 7 (quoting *Mora*, 469 F. App'x at 297).[4]

One final point must be addressed. Ezenwanne alleges she could not perform any job duties "without appropriate accommodation." Compl. [1] ¶ 8. Manhattan Nursing, out of an abundance of caution, argues that if this is intended to state a "failure to accommodate" claim, then such claim must be dismissed. Mot. [3] at 6. Indeed, there are no factual allegations suggesting a plausible claim on this point.

Whether Ezenwanne intended a failure-to-accommodate claim is unclear—her Complaint contains no counts or enumerated claims. But she did not respond to this argument in Defendant's brief, so the Court treats it as conceded. *United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation . . . is a failure to brief and constitutes waiver"); *Taylor v. Hinds Cty. Dep't of Human Servs.*, No. 3:12-CV-729-HTW-LRA, 2013 WL 5406485, at *6 (S.D. Miss. Sept. 25, 2013) ("In light of the Plaintiff's failure to respond to certain arguments raised by the defendants, she concedes them."). Manhattan Nursing's motion is granted to the extent Ezenwanne intended to allege a failure-to-

---

[4] Whether Ezenwanne must make that showing remains to be seen. The broad-class-of-jobs language from *Mora* quotes *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999), which was based on the law that existed before Congress adopted the ADAAA. *See Conner v. La. Dep't of Health & Hosps.*, 534 F. App'x 245, 248 (5th Cir. 2013) (noting that the *Sutton* definition of "substantially limits" applied "pre-2009 law"). Neither party analyzed this issue under post-ADAAA law or the accompanying federal regulations, so the Court will withhold further comment.

accommodate claim, but is otherwise denied regarding the disability claim related to her termination from employment.

  C. Retaliation

"To state a Title VII retaliation claim, the Plaintiff must allege facts that tend to establish: (1) [she] engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (citing *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)).

Manhattan Nursing's arguments as to this claim place form over substance. It first faults Ezenwanne for failing to specifically identify the alleged protected activity. Def.'s Mot. [3] at 7. That issue should be clear enough—Ezenwanne filed a charge of discrimination with the EEOC and attached it to her Complaint. *See* Charge of Discrimination [1-1]. "Filing an EEOC charge is clearly a protected activity." *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442 (5th Cir. 2007).

Acknowledging the obvious, Manhattan Nursing then claims that if the EEOC charge of discrimination is the alleged protected activity, then Ezenwanne failed to "assert that any of the allegedly retaliatory activities presented in her Complaint took place after such Charges were filed." Def.'s Mot. [3] at 7. While Ezenwanne may not have spelled things out that directly in her Complaint, she did attach the EEOC charges and referenced them in her Complaint. As noted above, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey*, 540 F.3d at 338. Considering the attachments, the timeline is obvious. Ezenwanne filed the first charge on November 13, 2019. *See* Charge of Discrimination [1-1]. The *first day* she returned from medical leave after

filing this charge, she was fired. *See* Charge of Discrimination [1-3]. Manhattan Nursing received sufficient notice of alleged retaliation after protected activity, and Ezenwanne has pleaded "enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.* 541 F.3d at 587 (citation omitted). Manhattan Nursing's motion is denied as to the retaliation claim.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not change the outcome. For the reasons stated, Manhattan Nursing's Motion to Dismiss [3] is granted as to Ezenwanne's hostile-work-environment and failure-to-accommodate claims but is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 13th day of July, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
